IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHIL SMART | § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-07-CV-1589-D |
| RED OAK, TEXAS, ET AL. | § § | |
| Defendants. | § § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendants Red Oak, Texas ("the City"), Ellis County, Texas ("the County"), and the State of Texas ("the State") have filed separate motions to dismiss this *pro se* civil action for lack of subject matter jurisdiction. For the reasons stated herein, the State's motion should be granted, but the City's motion and the County's motion should be denied without prejudice.

I.

Plaintiff Phil Smart generally alleges that he was arrested, imprisoned, and otherwise persecuted by City and County officials between 2003 and 2006. Without providing the specific dates of these incidents, plaintiff states that he was illegally arrested by a Ferris police officer, falsely charged with public intoxication, and incarcerated while unidentified government authorities "searched and [r]ansacked" his home and stole a .357 caliber handgun. (*See* Plf. Orig. Compl. at 2, ¶ 1). Plaintiff also claims that he was illegally arrested by an Ellis County Constable, falsely charged with public intoxication, and incarcerated after requesting assistance due to a disabled motor vehicle. (*Id.* at 2, ¶ 2). On another occasion, a Red Oak police officer allegedly conspired with a municipal judge to issue a "false warrant," which resulted in plaintiff's arrest. (*Id.* at 3, ¶¶ 6-7). Plaintiff

brought these incidents to the attention of various state agencies, including the Office of the Attorney General, but no action was taken. (*Id.* at 3, ¶¶ 8-9). When plaintiff's car was stolen by another Ellis County resident, he alleges that the Sheriff's Department refused to file a stolen vehicle report, the district attorney would not let plaintiff testify against the suspect, and a state court judge dismissed a civil action relating to the theft. (*Id.* at 3, ¶¶ 10-14). Finally, plaintiff states that he was illegally stopped and falsely arrested by the Red Oak police on a bogus traffic violation. (*Id.* at 4, ¶ 16). After he was released on bond, plaintiff was immediately re-arrested by Ellis County Sheriff's deputies. (*Id.* at 4, ¶¶ 18-19). Plaintiff accuses the Red Oak municipal judge of falsifying his plea to the charge and blames other unidentified persons of preventing him from appearing in court to contest the traffic citation. (*Id.* at 4, ¶¶ 17, 20).

On September 17, 2007, plaintiff sued the City, the County, and the State in federal district court. In his complaint, plaintiff asserts claims for illegal arrest, false imprisonment, abuse of power, assault and battery, intentional infliction of emotional distress, and invasion of privacy. (*See id.* at 4-5, ¶¶ 21-26). No jurisdictional facts are alleged. Defendants now move to dismiss the case for lack of subject matter jurisdiction. As grounds for their motions, the City and the County contend that plaintiff's claims arise under Texas law, not federal law. The State argues that federal subject matter jurisdiction does not exist because it is immune from suit under the Eleventh Amendment to the United States Constitution. All three motions have been briefed by the parties and are ripe for determination.

II.

A claim is properly dismissed for lack of subject matter jurisdiction when a district court lacks the statutory or constitutional power to adjudicate the claim. *See Home Builders Assoc. of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The Fifth Circuit

recognizes a distinction between a "facial attack" and a "factual attack" on subject matter jurisdiction. *See Rodriguez v. Texas Comm'n on the Arts*, 992 F.Supp. 876, 878 (N.D. Tex. 1998), *aff'd*, 199 F.3d 279 (5th Cir. 2000). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction by examining the allegations in the complaint, which are presumed to be true." *Thompson v. United States*, No. 3-06-CV-2144-D, 2007 WL 1412308 at *2 (N.D. Tex. Apr. 19, 2007), *rec. adopted*, 2007 WL 1536933 (N.D. Tex. May 21, 2007) (internal quotations and citations omitted). However, if the defendant relies on evidence beyond the pleadings, the motion is a "factual attack" on subject matter jurisdiction. *See Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 102 S.Ct. 396 (1981). In such cases, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

Where, as here, a defendant moves to dismiss a case because the complaint fails to state a federal cause of action, the motion is a "facial attack" on subject matter jurisdiction and should be analyzed under the familiar Rule 12(b)(6) standard of review. *See Occidental Chemical Corp. v. Louisiana Public Service Comm'n*, 494 F.Supp.2d 401, 405 (M.D. La. 2007). Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In order to survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations, the plaintiff must allege more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action[.]" *See Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. The court must

accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Beaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

B.

Federal courts are courts of limited jurisdiction. "Absent jurisdiction conferred by statute, district courts lack power to consider claims." *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). The only jurisdictional statute remotely applicable here is 28 U.S.C. § 1331. Therefore, in order to establish federal subject matter jurisdiction, plaintiff must allege sufficient facts which, if proved, state a claim for relief "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.[1]

In his complaint, plaintiff alleges only common law tort claims for illegal arrest, false imprisonment, abuse of power, assault and battery, intentional infliction of emotional distress, and invasion of privacy. (*See* Plf. Compl. at 4-5, ¶¶ 21-26). Such claims arise solely under Texas law. However, in his consolidated response to the various motions to dismiss, plaintiff alleges that his "civil rights" have been violated. (*See* Plf. Resp. at 1, ¶ II). While this general allegation, even if considered as an amendment to plaintiff's complaint, does not come close to stating a cause of action under federal law, the court cannot say that plaintiff is unable to cure this pleading defect as it pertains to his claims against Red Oak and Ellis County. As state governmental entities, the City and the County may be liable for federal civil rights violations under 42 U.S.C. § 1983 if plaintiff can prove that an official custom or policy was a moving force behind the violation of his constitutional rights. *See Monell v. Dep't of Social Services of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.), *cert. denied*, 122

---

[1] Federal courts also have jurisdiction over suits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). However, it plainly appears from the pleadings that all parties to this suit are citizens of Texas.

S.Ct. 53 (2001). Rather than dismiss this case outright, plaintiff should be given an opportunity to amend his complaint to state a claim for relief under federal law.

C.

The court reaches a different conclusion with respect to plaintiff's claims against the State of Texas. It is well settled that the State is immune from suit for money damages under the Eleventh Amendment to the United States Constitution.[2] *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309-10, 105 L.Ed.2d 45 (1989). Consequently, plaintiff's claims against the State should be dismissed.

## **RECOMMENDATION**

The motion to dismiss filed by Defendant State of Texas [Doc. #9] should be granted. Plaintiff's claims against the State should be dismissed for lack of subject matter jurisdiction. The motions for summary judgment filed by Defendant Red Oak, Texas [Doc. #4] and Defendant Ellis County, Texas [Doc. #17] should be denied without prejudice. Plaintiff should be given an opportunity to amend his complaint within 20 days after this recommendation is adopted by the district judge to state a federal cause of action against these defendants. If he fails to do so, the City and the County may renew their motions to dismiss.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after

---

[2] The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amd. XI.

being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 13, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE